## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILLIE RAE KOWALKOWSKI | : | CIVIL ACTION NO. |
| *Plaintiff* | : | |
| vs. | : | |
| ASSOCIATIONS, INC. d/b/a ASSOCIA | : | JURY TRIAL DEMANDED |
| *Defendant* | : | |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

### I.   PRELIMINARY STATEMENT

1. This is a claim against the Defendant, Associations, Inc. d/b/a Associa, for various personal injuries caused to the Plaintiff, Billie Rae Kowalkowski, by the negligent acts and/or omissions of the Defendant and its agents, servants, employees and/or other representatives.

### II.   PARTIES

2. Plaintiff, Billie Rae Kowalkowski, is an adult citizen of the Commonwealth of Pennsylvania residing therein at 666 W. Germantown Pike, Apt. # N-408, Plymouth Meeting, PA 19462.

3. Defendant, Associations, Inc. d/b/a Associa, was and is now a business entity, believed to be a corporation engaged in the business of community association management, duly organized and existing under the laws of the State of Texas with a corporate headquarters and principal place of business located therein at 5401 N. Central Expressway, Suite 300, Dallas, TX 75205.

4. At all times relevant hereto, the Defendant acted by and through its agents,

servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of Defendant.

### III.  JURISDICTION AND VENUE

5.  Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

6.  The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the district.

### IV.  STATEMENT OF CLAIMS

8.  At all times relevant hereto, Defendant Associations, Inc. d/b/a Associa, by and through its trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment with the Defendant, owned, operated, controlled, possessed, leased, inspected, managed and/or maintained the premises known as Plymouth Hill Condominiums located at 666 W. Germantown Pike, Plymouth Meeting, PA 19462.

9.  On or about December 22, 2009, and for a long time prior thereto, it was the duty of the Defendant, by and through its respective trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the premises known as Plymouth Hill Condominiums, which is believed to consist of various residential condominium properties and common areas, located at 666. W. Germantown Pike, Plymouth Meeting, PA 19462 in a

reasonably safe condition for persons lawfully upon the premises, such as Plaintiff, Billie Rae Kowalkowski.

10. At all times material herein, Plaintiff was a resident at the premises known as Plymouth Hill Condominiums located at 666 W. Germantown Pike, Plymouth Meeting, PA 19462.

11. On or about December 22, 2009, Plaintiff, Billie Rae Kowalkowski, was exiting her automobile after parking the same in the parking lot of the premises known as Plymouth Hill Condominiums located at 666 W. Germantown Pike, Plymouth Meeting, PA 19462 when, suddenly and without warning, and as a direct result of a defective and/or dangerous condition upon said premises, the Plaintiff slipped and fell on ice located in said parking lot, thereby causing her to sustain various severe and permanent bodily injuries and losses as more fully set forth below.

12. The accident described herein was caused by the Defendant's failure to maintain proper and safe walking conditions upon its premises, which created an unreasonable slipping hazard.

13. At all times relevant hereto, the Defendant knew or should have known of the unreasonable slipping hazard described above.

14. Defendant's failure to correct the above-referenced slipping hazard created a dangerous and unreasonably hazardous condition, which caused Plaintiff's accident.

15. Similarly, Defendant further breached its duties to Plaintiff by, among other things, failing to warn residents, such as Plaintiff, and visitors to the premises of the above-referenced slipping hazard.

Case 2:11-cv-04284-PD   Document 1   Filed 07/01/11   Page 4 of 6

16. As a result of Defendant's negligent acts and omissions, Plaintiff, Billie Rae Kowalkowski, suffered severe injuries, including, but not limited to, a fracture of her right humerus which has required numerous surgeries, including the placement of rods and screws, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

17. As a result of her injuries, Plaintiff has suffered extreme physical pain, discomfort and mental anguish, all of which is continuing and may continue in the future.

18. As a further result of Defendant's negligent acts and omissions, Plaintiff was caused to undergo medical treatment and incur expenses in an effort to seek a cure to all or some of her injuries, and will continue to incur such losses in the future, all to her great detriment and loss.

19. As a further result of Defendant's conduct, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning capacity, and she may incur such loss for an indefinite period in the future.

20. As a further result of Defendant's conduct, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, all to her great detriment and loss.

21. The aforementioned accident and the injuries sustained by Plaintiff set forth above are the direct and proximate result of the negligent acts and omissions of the Defendant, acting by and through its trustees, directors, agents, servants, workmen, employees and/or other

representatives, who, at all times, were acting within the course and scope of their employment and authority with the Defendant.

22. The aforementioned accident was caused solely and exclusively by reason of the negligence and carelessness of the Defendant, its trustees, directors, agents, servants, workmen, employees and/or other representatives, and was in no way due to any act or failure to act on the part of the Plaintiff.

## COUNT I
## BILLIE RAE KOWALKOWSKI v. ASSOCIATIONS, INC. d/b/a ASSOCIA

23. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-two (22) of the within Complaint, as thought the same had been fully set forth at length herein.

24. Defendant Associations, Inc. d/b/a Associa owed Plaintiff a duty of care, including a duty to maintain its premises in a safe condition such that it would not be unreasonably dangerous to residents and visitors such as Plaintiff.

25. Defendant breached its duties to Plaintiff by failing to maintain Defendant's premises in a safe condition, as set forth above.

26. As a result of the aforesaid negligent acts and omissions of the Defendant, acting through its agents, servants, workmen, employees and/or other representatives, Plaintiff, Billie Rae Kowalkowski, suffered the injuries, losses and damages set forth above.

WHEREFORE, Plaintiff, Billie Rae Kowalkowski, demands judgment in her favor and against Defendant, Associations, Inc. d/b/a Associa, in an amount in excess of $150,000.00 together with costs of suit, interest and reasonable attorneys' fees, and any such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

        Respectfully,

        **SWARTZ CULLETON PC**

**BY:** **//Brandon A. Swartz**
       Brandon A. Swartz, Esquire
       Identification No. 78344
       BAS-9932
       Bryan M. Ferris, Esquire
       Identification No. 93105
       Attorneys for Plaintiff,
       Billie Rae Kowalkowski

Date: June 29, 2011